# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GREENEARTH CLEANING, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-0329-CV-W-GAF |
| | ) |
| COLLIDOUE INVEST FRANCE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Presently before the Court are Plaintiff GreenEarth Cleaning, L.L.C.'s ("GreenEarth") Motion for Remand (Doc. #10) and Defendant Collidoue Invest France's ("Collidoue") Motion to Dismiss (Doc. #6). GreenEarth asserts the amount in controversy does not meet the jurisdictional threshold for diversity jurisdiction and the action therefore must be remanded. (Doc. #11). Collidoue opposes and further argues GreenEarth's Petition must be dismissed on the grounds of *forum non conveniens*, international abstention, or personal jurisdiction. (Doc. ##7, 14). For the following reasons, GreenEarth's Motion to Remand is DENIED and Collidoue's Motion to Dismiss is GRANTED.[1]

## DISCUSSION

**I.     Facts**[2]

---

[1] Also pending is Collidoue's Motion to Stay Proceedings and Request for Expedited Rulings (Doc. #15), which is DENIED as moot.

[2] All facts are taken from GreenEarth's Petition and its accompanying exhibits unless otherwise noted.

1

This case relates to a dispute between GreenEarth, a Delaware corporation with its principle place of business in Missouri, and Collidoue, a French company located in Paris, France. In early 2008, GreenEarth and Collidoue entered into negotiations for a license agreement that would allow Collidoue to use GreenEarth's patented dry-cleaning process with its trademarked name and logo in France. The dispute centers around whether Collidoue wrongfully induced GreenEarth into executing an exclusive license agreement in April 2008 at the Liverpool airport when, as GreenEarth alleges, the parties agreed to a non-exclusive agreement.

Prior to the filing of this action, Collidoue initiated related actions in a French court on December 29, 2008 against a French company, Societe 5 Dry France ("5aSec"), and on January 2, 2009 against GreenEarth (collectively "the French proceedings"). (Villefayot & Konsens Decl., ¶8). GreenEarth has since appeared in the French proceedings through counsel. *Id.* at ¶21. GreenEarth then filed this action in the Circuit Court of Jackson County, Missouri at Kansas City on January 13, 2009, seeking actual and punitive damages, an injunction, and a declaratory judgment. On April 30, 2009, Collidoue removed this action to this Court. (Doc. #1). After removal, GreenEarth stipulated it will seek no more than $74,999.00 in damages, including both actual and punitive, should the case be remanded to the state court. (Barry Aff., ¶5).

GreenEarth attached two versions of the disputed contract to its Petition; however, neither version bears the signatures of representatives from both GreenEarth and Collidoue. One version of the disputed contract states that the "Federal laws of The United States of America" govern the contract while the other version is silent as to the parties' governing law choice. Both versions provide for an initial license fee of 67,000Euro (approximately $93,000.00) and a note executed in

2

favor of GreenEarth in the amount of 50,000Euro (approximately $69,000.00) bearing interest at 6% per annum with a maximum deduction of 18,000Euro (approximately $25,000.00).[3]

In France, business litigation is held before a Tribunal of Commerce ("the Tribunal"), which specializes in commercial litigation and is comprised of elected businessmen who serve on a part-time basis. (Villefayot & Konsens Decl., ¶¶26-27; Martin Aff., ¶21). French courts allow counterclaims to be filed in circumstances such as the case at hand. (Villefayot & Knosens Decl., ¶22). Judges in France have the authority to order monetary, declaratory, and injunctive relief. *Id.* at ¶24. However, punitive damages are generally unrecoverable under French law and jury trials are unavailable in France. (Martin Aff., ¶12).

Under French rules, parties must obtain permission from the Tribunal to have a witness testify in person; the Tribunal rarely hears live testimony of witnesses. (Martin Aff., ¶22). After the Tribunal makes its decision, any party to litigation has the right to appeal to the Court of Appeals. (Villefayot & Knosens Decl., ¶29). GreenEarth's French counsel estimates the French proceedings "should take more than one year and would possibly take several years" based on his experience and the facts of this case. (Marten Aff., ¶16).

In France, a U.S. judgment is enforceable only when it is final and after it is subject to enforcement proceedings through a French appellate process. (Villefayot & Konsens Decl., ¶25). Further, any judgment rendered against Collidoue in this Court must be enforced in France as Collidoue maintains no U.S. offices, assets, or bank accounts. *Id.* Finally, each party asserts key

---

[3]All conversions of Euros to U.S. Dollars are based on current exchange rates as reported on x-rates.com, http://www.x-rates.com/calculator.html (last visited June 19, 2009).

3

documents will require translation and witnesses' travel expenses will be substantially greater if the case is not held in their preferred forum. (Villefayot & Konsens Decl., ¶23; Marten Aff., ¶14).

## II. Motion for Remand

A defendant seeking to invoke federal jurisdiction through removal bears the burden of proving the jurisdictional threshold is satisfied. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted). Where, as here, the complaint alleges no specific amount of damages, the party seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). "Under the preponderance standard, '[t]he jurisdictional fact ... is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are....'" *Bell*, 557 F.3d at 959 (*citing Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id.* at 956 (citation omitted).

Here, Collidoue met its burden to establish satisfaction of the jurisdictional threshold in its Notice of Removal by citing to the disputed contract, specifically the terms concerning licensing fees. Nevertheless, in an attempt to establish with legal certainty that its claims are less than $75,000.00, GreenEarth now stipulates it will seek no more than $74,999.00 in damages should the case be remanded to the state court. Yet GreenEarth makes no statement or argument concerning the value of its claims for equitable relief. "'[I]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005)

4

(*quoting Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Given that GreenEarth offered to license the use of its dry-cleaning technology for an amount exceeding $75,000.00, a fact finder might legally conclude that the value of the contract at issue is greater than the threshold jurisdictional amount. Even if GreenEarth's damages are capped at $74,999.00, the amount in controversy is still greater than $75,000.00 when considering GreenEarth's injunction and declaratory judgment claims. GreenEarth's Motion for Remand is therefore DENIED.[4]

### III.     Motion to Dismiss

"Under the doctrine of *forum non conveniens*, federal district courts have inherent power to resist the imposition of jurisdiction even where authorized by statute if 'the litigation can more appropriately be conducted in a foreign tribunal.'" *de Melo v. Lederle Labs., Div. of Am. Cyanamid Corp.*, 801 F.2d 1058, 1060 (8th Cir. 1986) (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)). Courts employ a two-step analysis when resolving a *forum non conveniens* motion. First, the Court must determine if an adequate, alternative forum exists to hear the case. *Id.* Next, the Court must "balance factors relative to the convenience of the litigants, referred to as the private interests, and factors relative to the convenience of the forum, referred to as the public interests, to determine which available forum is most appropriate for trial and resolution." *Id.*

When engaging in this balancing analysis, the Court has broad discretion, *Reid-Walen v. Hansen*, 933 F.2d 1390, 1393-94 (8th Cir. 1991), but must give deference to the plaintiff's choice of forum. *Gilbert*, 330 U.S. at 508. Nevertheless, such deference is lessened when the plaintiff is an American company engaged in international business. *Reid-Walen*, 933 F.2d at 1395 (citations

---

[4]GreenEarth's request for an expedited briefing schedule is DENIED as moot.

omitted). Additionally, Collidoue bears the burden of proving all elements necessary to dismiss GreenEarth's Petition under the doctrine of *forum non conveniens*. *Reid-Walen*, 933 F.2d at 1393.

Ordinarily, if the defendant is amenable to process in another jurisdiction, an adequate, alternative forum exists. *de Melo*, 801 F.2d at 1061. Here, Collidoue has a pending claim against GreenEarth in a French court, thus indicating Collidoue is under the jurisdiction of the French court system and amenable to process there.[5]

Even if the defendant is amenable to process in the alternative forum, the alternative forum is not adequate if the remedy available in that forum is "so clearly inadequate or unsatisfactory that it is no remedy at all" and "dismissal would not be in the interests of justice." *Id.* (citations omitted). However, "the fact that the alternative forum's substantive law is decidedly less favorable to the plaintiff should not be given substantial weight in *forum non conveniens* determinations." *Id.* (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247 (1981)). "Where the alternative forum offers a remedy for the plaintiff's claims, and there is no danger that [it] will be treated unfairly, the foreign forum is adequate." *Id.*

GreenEarth argues the remedies available in France are not adequate because it will not be entitled to a trial by jury and punitive damages are not available. The French Tribunals specializing in commercial litigation provide remedies in the forms of monetary, declaratory, and injunctive relief. These remedies "are not so paltry as to render the available remedy illusory." *de Melo*, 801 F.2d at 1061. Additionally, parties may assert counterclaims and have the right to appeal any

---

[5]GreenEarth argues Collidoue has not shown GreenEarth is amenable to process in France; however, this is not the standard. Collidoue need only prove Collidoue is amenable to process in the alternative forum, *de Melo*, 801 F.2d at 1061, which it has done. Even if Collidoue was required to make such a showing, Collidoue has done so: GreenEarth appeared through counsel in the French proceedings.

6

adverse judgment. Although France may be a less favorable forum for GreenEarth, the Court cannot conclude it is inadequate. *See id. See also MLC (Bermuda) Ltd. v. Credit Suisse First Boston Corp.*, 46 F. Supp. 2d 249, 253 (S.D.N.Y. 1999) (finding lack of punitive damages remedies and absence of civil juries do not render the alternative forum inadequate).

Finding France an adequate, alternative forum, the Court now analyzes the private and public interest factors and balances them with GreenEarth's forum choice. The factors bearing on the convenience of the parties, also known as the private interest factors, include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; (3) the possibility to view the premises, if viewing would be appropriate; (4) all other problems that make trial of a case easy, expeditious and inexpensive; and (5) questions as to the enforceability of a judgment if one is obtained. *Piper Aircraft*, 454 U.S. at 241 n.6; *Gilbert*, 330 U.S. at 508. The public interest factors, which bear on the convenience of the forum, include: (1) the administrative difficulties flowing from court congestion; (2) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (3) the avoidance of unnecessary problems in conflict of law, or in the application of foreign law; (4) the local interest in having localized controversies decided at home; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *de Melo*, 801 F.2d 1063.

Here, the private interest factors favor dismissal. As GreenEarth correctly points out, regardless of the forum, one party will have to transport witnesses and documents from France to the United States or vice versa, thus causing accessibility issues in either instance. Additionally,

7

documents will need to be translated regardless of the forum.[6] However, the crux of this case lies in France. While GreenEarth's key witnesses all live in the United States and within this district, they are also employees of GreenEarth and therefore it would have no difficulty in summoning them to testify regardless of the forum. *See Aero Sys. Eng'g, Inc. v. Opron, Inc.*, 21 F. Supp. 2d 990, 1000 (D. Minn. 1998). Additionally, unlike this Court, the Tribunal in France rarely hears live testimony from witnesses. Therefore, GreenEarth would have little to no expense in arranging for witnesses in the French proceedings. On the other hand, Collidoue would incur substantially higher travel expenses if the case proceeds in this Court. Collidoue's employees live in France along with additional third-party witnesses who observed or were affected by the disputed uses of GreenEarth's technology, such as 5aSec's employees. While Collidoue can summon its employees to testify, neither this Court or Collidoue is able to compel third-party witnesses to appear.

Further, all premises in which GreenEarth alleges Collidoue is impermissibly using GreenEarth's technology are located in France. If the need to inspect such premises arose, greater difficulty would arise if GreenEarth's claims continued in this forum. Also weighing strongly in favor of dismissal is Collidoue's inability to implead potential third-party defendants, namely 5aSec, in U.S. litigation. *See de Melo*, 801 F.2d at 1063. Finally, any judgment rendered against Collidoue must be enforced in France through an appellate process and because Collidoue has no agents or assets in the United States. *See EFCO Corp. v. Aluma Sys. USA, Inc.*, 145 F. Supp. 2d 1040, 1049

---

[6]GreenEarth contends, if its claims are pursued here, no translation of its documents will be necessary because Collidoue's representatives all speak English. However, Collidoue points out that English is a second-language to these individuals and translation to French is required to ensure they understand the contents of documents, pleadings, motions, etc. GreenEarth has already implicitly recognized the need for translation by providing this case's court papers in French when serving Collidoue with process.

(S.D. Iowa 2000) (dismissing a U.S. action where a money judgment could not be enforced without recourse to foreign courts and enforcing an injunction in [the foreign forum] would prove difficult). Thus, the private interest factors weigh in favor of dismissal.

While court congestion is not at issue in this case,[7] the remaining public interest factors indicate dismissal is appropriate. It is unclear whether the parties agreed to the disputed contract's governing law. One version of the disputed contract does not indicate a choice of law while the other version names the "Federal laws of The United States of America" as the governing law. Even if the parties' choice of law is the "Federal laws of The United States of America," such laws do not generally govern contract and tort claims between private individuals. Thus, the Court would undertake a conflicts of law analysis under Missouri law, which uses the most significant relationship test of the Second Restatement. *See Viacom, Inc. v. Transit Cas. Co.*, 138 S.W.3d 723, 725 (Mo. 2004) *& Goede v. Aerojet Gen. Corp.*, 143 S.W.3d 14, 24-25 (Mo. App. Ct. 2004) (*citing Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo. 1969) (en banc)). Here, cursory analysis under the most significant relationship test indicates this Court would use French law to decide the case, and therefore dismissal is favored.[8] *See de Melo*, 801 F.2d at 1064 ( "There is ... a strong interest in

---

[7]GreenEarth's argument that court congestion is an issue because the action may take more than one year and possibly several years to have a ruling on the merits in France but only take twelve to eighteen months in a domestic forum is unpersuasive. GreenEarth's estimated time frames in both forums are identical; proceedings in this Court could also take more than one year, by GreenEarth's admission, and possibly several years, as shown in the proposed scheduling order filed by the parties (Doc. #17).

[8]Factors considered under the most significant relationship test when addressing a contracts choice-of-law issue include "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Viacom*, 138 S.W.3d at 725. When determining choice-of-law issues in a tort action, Missouri courts consider (1) the place where the injury occurred; (2) the place where the conduct

9

resolving a dispute in a forum that is at home with the law that must govern the action.") (citation omitted).

Furthermore, despite the fact that GreenEarth's principal place of business is in Missouri, this dispute is more properly characterized as a French controversy. The case involves a disputed licensing agreement to be executed in France. Even though Missouri's interest in preventing wrongful appropriation of its citizen's intellectual property is significant, *see Everett/Charles Contact Prods., Inc. v. Gentec, S.A.R.L.*, 692 F. Supp. 83, 89 (D.R.I. 1988), the French interests overshadow Missouri's interest and Missouri citizens should not be burdened with jury duty under such circumstances. Therefore, these factors support dismissal.

When weighing all these factors against GreenEarth's choice of forum, given that it is an American company that chose to engage in international business, the balance strongly favors dismissal. *See Gilbert*, 330 U.S. at 508 ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). For these reasons, Collidoue's Motion is GRANTED.[9]

## CONCLUSION

Despite GreenEarth's stipulation that it will not seek damages exceeding $74,999.00, the amount in controversy exceeds the jurisdictional threshold as GreenEarth seeks equitable relief in addition to damages. GreenEarth's Motion to Remand is DENIED. Furthermore, the private and

---

causing the injury occurred; (3) the place where the relationship between the parties is centered; and (4) the domicile of the parties. *Goede*, 143 S.W. 3d at 25 n.6.

[9]Because the doctrine of *forum non conveniens* is dispositive in the case, the Court will not address Collidoue's international abstention and personal jurisdiction arguments while noting these arguments would also likely lead to dismissal of GreenEarth's claims.

10

public interest factors outweigh the deference given to GreenEarth's choice of forum. Collidoue's Motion to Dismiss is therefore GRANTED.[10]

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED:   June 23, 2009

---

[10]Dismissal is conditioned upon Collidoue accepting process for GreenEarth's claims if GreenEarth pursues its claims in France.